DAVID B. GOLUBCHIK (State Bar No. 185520)
J.P. FRITZ (State Bar No. 245240)
LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Email: dbg@lnbrb.com; jpf@lnbrb.com

Proposed Attorneys for Chapter 11
Debtor and Debtor in Possession

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>CEDROS PROPERTIES, LLC,<br><br>              Debtor and Debtor in Possession, | ) Case No.: LA 10-14897-ER<br>)<br>) Chapter 11 Case<br>)<br>) **DEBTOR'S EMERGENCY MOTION**<br>) **FOR ENTRY OF AN ORDER**<br>) **AUTHORIZING DEBTOR TO**<br>) **PROVIDE ADEQUATE ASSURANCE**<br>) **OF FUTURE PAYMENT TO UTILITY**<br>) **COMPANIES PURSUANT TO**<br>) **SECTION 366(c) OF THE**<br>) **BANKRUPTCY CODE;**<br>) **MEMORANDUM OF POINTS AND**<br>) **AUTHORITIES AND DECLARATION**<br>) **OF MOUSSA KASHANI IN SUPPORT**<br>) **THEREOF**<br>)<br>)<br>) <ins>Hearing:</ins><br>) Date:  May 3, 2010<br>) Time:  10:00 a.m.<br>) Ctrm:  255 East Temple Street<br>)          Courtroom 1568<br>)          Los Angeles, CA 90012<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## SUMMARY

Pursuant to Local Bankruptcy Rule 2081-1(b)(2)(C) and 11 U.S.C.§§ 105 and 366, Cedros Properties, LLC (the "Debtor"), the debtor and debtor in possession in the above-referenced chapter 11 case, hereby moves, on an emergency basis (the "Motion"), for the entry of an order authorizing the Debtor to provide adequate assurance of future payment to certain utility companies pursuant to Section 366(c) of the Bankruptcy Code.

**PLEASE TAKE NOTICE** that the above-referenced case has been reassigned to the Honorable Ernest Robles, United States Bankruptcy Judge, in the Courtroom referenced on the first page hereto.

**PLEASE TAKE FURTHER NOTICE** Bankruptcy Court scheduled a hearing on the Motion for Monday, May 3, 2010 at 10:00 a.m.

The Debtor's primary asset is a 22-unit apartment building (the "Property") located in Panorama City, California 91402. The Debtor acquired the Property in 2003 for approximately $1,325,000.00 with a promissory note in favor of an entity known as Impact. In 2007, the promissory note and relevant documents were assigned to Zion Bank. In 2010, Zion Bank purportedly sold and assigned the promissory note on the Property to Asset Management West 14, LLC ("AMW"). The total secured debt on the Property owed to AMW is approximately $1,550,000.00. There is a secured mechanic's lien in favor of Pezeshk Electric ("Pezeshk") on the Property in the amount $7,788.00. The Debtor believes that the Property's value is $1,900,000.00. Currently, the Property has a certificate of occupancy for eighteen (18) units, and the Debtor is in the process of acquiring a certificate for the full 22 units from municipal agencies with a hearing and an appeal on the issues pending.

To operate its business of owning and operating an apartment building, the Debtor receives water, gas, electricity and trash disposal from a number of utility companies (each a "Utility Company," and collectively, the "Utility Companies"). Given the importance of the services provided by the Utility Companies to the Debtor's business, it is crucial that the means of providing adequate assurance to the Utility Companies which provide utility services to the Debtor be determined immediately so that there is no interruption in the services provided.

Prior to the commencement of the Debtor's bankruptcy case, the Utility Companies listed below provided utility services to the Debtor. The Debtor intends to provide adequate "assurance of payment" by providing each of the Utility Companies with a cash deposit, as authorized by Section 366(c)(1)(A)(i) of the Bankruptcy Code, in the amounts set forth below, which equals an average of several months bills received by the Debtor. The source of funds to be used to pay the cash deposits to the Utility Companies will be the Debtor's revenue, which is subject to an accompanying motion for use of cash collateral.

| Utility Co. | Service | Average bill amount = Proposed Deposit | Bills attached as Exhibit |
|---|---|---|---|
| Crown Disposal Co. | Trash pickup | $151.51 | A |
| The Gas Company | Gas | $440.01 | B |
| LA DWP | Water/Electric | $1,130.07 | C |

## ADDITIONAL INFORMATION

The Motion is based on the Motion, the attached Memorandum of Points and Authorities, the Declaration of Moussa Kashani in support thereof filed concurrently herewith, the statements, arguments and representations of counsel to be made at the hearing on the Motion, if any, and any other admissible evidence properly presented to the Court.

**WHEREFORE,** the Debtor respectfully requests that this Court enter an order:

(a)     affirming the adequacy of the notice given;

(b)     authorizing the Debtor to provide adequate "assurance of payment" to the Utility Companies via cash deposits in the amounts set forth therein;

(c)     deeming the cash deposits paid by the Debtor to the Utility Companies as constituting adequate "assurance of payment" pursuant to Section 366(c) of the Bankruptcy Code;

1        (d)    ordering the Utility Companies that receive cash deposits under an order of the

2  Court granting this Motion to return such cash deposit within 10 business days if, and when, the

3  Utility Company's services are terminated; and

4        (e) granting such other and further relief as the Court deems just and proper.

5  Dated: April 28, 2010           CEDROS PROPERTIES, LLC

6

7                By:    */s/ David B. Golubchik*
                     DAVID B. GOLUBCHIK

8                  JOHN-PATRICK M. FRITZ
                  LEVENE, NEALE, BENDER, RANKIN

9                    & BRILL L.L.P.
                  Proposed Attorneys for Chapter 11

10                 Debtor and Debtor in Possession

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### STATEMENT OF FACTS

1.      Cedros Properties, LLC, (the "Debtor") debtor and debtor in possession herein, commenced this case by filing a voluntary petition under chapter 11 of title 11 of the United States Code, sections 101 *et seq.* (the "Bankruptcy Code") on April 27, 2010.  The Debtor continues to operate its business and manage its financial affairs as a debtor in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

**A.      Background**

2.      The Debtor's primary asset is a 22-unit apartment building (the "Property") located in Panorama City, California.   The Debtor acquired the Property in 2003 for approximately $1,325,000.00 with a promissory note in favor of an entity known as Impact.  In 2007, the promissory note and relevant documents were assigned to Zion Bank.  In 2010, Zion Bank sold and assigned the promissory note on the Property to Asset Management West 14, LLC ("AMW").     The total secured debt on the Property owed to AMW is approximately $1,550,000.00.  There is a secured mechanic's lien in favor of Pezeshk Electric ("Pezeshk") on the Property in the amount $7,788.00.    The Debtor believes that the Property's value is $1,900,000.00.  Currently, the Property has a certificate of occupancy for eighteen (18) units, and the Debtor is in the process of acquiring a certificate for the full 22 units from municipal agencies with a hearing pending.

3.      For several months the Debtor has been back and forth with the Los Angeles Housing Department and other municipal agencies ("Bureaucracies") regarding regulatory compliance in pursuit of obtaining a certificate of occupancy for the full 22 units in the Property. Government cutbacks and a pattern of disjointed, bureaucratic, piecemeal citations have stymied the Debtor's efforts and progress in obtaining the certificate.  Typically, Bureaucracies cite the Debtor for a code violation, the Debtor fixes it, then Bureaucracies inspect the Property and cite

a new violation.  Each time a violation is cited, the Debtor has addressed it and brought the Property into compliance, and each time Bureaucracies cite another violation that they did not cite before.  This pattern of disjointed citation has delayed the Debtor for months in acquiring the certificate.  The delay has been exasperated further by the municipal budget cutbacks, resulting in less employees to process claims and longer waits on hearings and appeals, like those currently pending for the Debtor.

4.    The ultimate effect of this delay has been a reduction of the Debtor's earning income relative to full occupancy of the Property and generating rental income.  Without the certificate of occupancy, the Debtor can rent only eighteen (18) of its 22 units.  Currently, the Debtor is renting approximately sixteen (16) units, for an occupancy rate of 73%.  With lowered occupancy rates, the Debtor is unable to make its monthly loan payments to Zion Bank at approximately $10,000.00 per month, inclusive of principal, interest, and impounded taxes.  The Debtor sought a modification of the loan with Zion Bank until it could obtain the certificate of occupancy for the remaining four (4) units, but Zion Bank would not negotiate.

5.    In January 2010, Zion Bank filed a notice of default on the Property.  A foreclosure sale would be scheduled for May 2010.  On April 27, 2010, AMW, as the purported assignee of the Zion Bank note, gave notice to the Debtor's proposed bankruptcy counsel that AMW would make an *ex parte* motion for appointment of a state court receiver at 8:30 a.m. on April 28, 2010.  AMW made it clear that it was not interested in a resolution but only foreclosure of the Property.  The Debtor determined that the instant filing was necessary and proper to preserve the value of the Property.

**B.    Utilities**

6.    To operate its business of owning and operating an apartment building, the Debtor receives water, gas, electricity and trash disposal from a number of utility companies (each a "Utility Company," and collectively, the "Utility Companies").  Given the importance of the

services provided by the Utility Companies to the Debtor's business, it is crucial that the means of providing adequate assurance to the Utility Companies which provide utility services to the Debtor be determined immediately so that there is no interruption in the services provided.

7.    Prior to the commencement of the Debtor's bankruptcy case, the Utility Companies listed below provided utility services to the Debtor.  The Debtor intends to provide adequate "assurance of payment" by providing each of the Utility Companies with a cash deposit, as authorized by Section 366(c)(1)(A)(i) of the Bankruptcy Code, in the amounts set forth below, which equals an average of several months bills received by the Debtor.  The source of funds to be used to pay the cash deposits to the Utility Companies will be the Debtor's revenue, which is subject to an accompanying motion for use of cash collateral.

| Utility Co. | Service | Average bill amount = Proposed Deposit | Bills attached as Exhibit |
|---|---|---|---|
| Crown Disposal Co. | Trash pickup | $151.51 | A |
| The Gas Company | Gas | $440.01 | B |
| LA DWP | Water/Electric | $1,130.07 | C |

## II.

## DISCUSSION

Section 366 of the Bankruptcy Code, as amended by the BAPCPA and applicable herein, provides, in pertinent part, as follows:

> (a) Except as provided in subsections (b) and (c) of this section, a utility may not alter, refuse, or discontinue service to, or discriminate against, . . . the debtor solely on the basis of the commencement of a case under this title or that a debt owed by the debtor to such utility for services rendered before the order for relief was not paid when due.
> . . .

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

        (c)(2) Subject to paragraphs (3) and (4), with respect to a case filed under chapter 11, a utility referred to in subsection (a) may alter, refuse, or discontinue utility service, if during the 30-day period beginning on the date of the filing of the petition, the utility does not receive from the debtor . . . adequate assurance of payment for the utility service that is satisfactory to the utility.

        (3)(A) On request of a party in interest[1] and after notice and a hearing, the court may order the modification of the amount of an assurance of payment under paragraph (2).

11 U.S.C. § 366.

        Whether a utility is subject to an unreasonable risk of nonpayment must be determined from the facts and circumstances of each case.  See Massachusetts Elec. Co. v. Keydata Corp. (In re Keydata Corp.), 12 B.R. 156, 158 (1st Cir. B.A.P. 1981).  Prior to the enactment of BAPCPA, where a debtor has, with few exceptions, timely paid its utility bills prior to the commencement of its chapter 11 case, the administrative expense priority provided in sections 503(b) and 507(a)(1) of the Bankruptcy Code often constituted adequate assurance of payment, and no deposit or other security was required.  See Virginia Elec. & Power Co. v. Caldor, Inc., 117 F.3d 646, 651 (2d Cir. 1997); see also Demp v. Philadelphia Elec. Co. (In re Demp), 22 B.R. 331, 332 (Bankr. E.D. Pa. 1982).

        Now, pursuant to the BAPCPA, the administrative expense priority provided by Sections 503(b) and 507(a)(1) of the Bankruptcy Code specifically is not a means of providing "assurance of payment" under Section 366(c)(2) of the Bankruptcy Code.   11 U.S.C. § 366(c)(1)(B).  Instead, a Chapter 11 debtor must provide "assurance of payment" pursuant to Section 366(c)(1)(A) of the Bankruptcy Code, which states that "assurance of payment" means: a cash deposit, a letter of credit, a certificate of deposit, a surety bond, a prepayment of utility consumption, or another form of security that is mutually agreed on between the utility and the debtor.  11 U.S.C. § 366(c)(1)(A).

        Based on the foregoing, during the first 30 days following the commencement of a voluntary Chapter 11 bankruptcy case, a utility may not alter, refuse, or discontinue service to, or

---

[1] The Debtor is a party in interest.  11 U.S.C. § 1109(b).

1  discriminate against, a debtor solely on the basis of the commencement of the case or the failure

2  of the debtor to pay a pre-petition debt for utility services provided.  Following the foregoing 30-

3  day period, however, utility companies may alter, refuse or discontinue service if the debtor does

4  not furnish adequate "assurance of payment" of post-petition utility service obligations that is

5  satisfactory to the relevant utility.

6          Under Section 366(c) of the Bankruptcy Code, this Court has exclusive responsibility for

7  determining what constitutes adequate assurance of payment of post-petition utility charges and

8  is not bound by local or state regulations.  See e.g., Begley v. Philadelphia Elec. Co. (In re

9  Begley), 41 B.R. 402, 405-06 (Bankr. E.D. Pa. 1984), aff'd, 760 F.2d 46 (3d Cir. 1985) (pre-

10  BAPCPA); Marion Steel Co. v. Ohio Edison Co. (In re Marion Steel Co.), 35 B.R. 188, 195

11  (Bankr. D. Ohio 1983) (pre-BAPCPA case finding that determinations of adequate assurance

12  under section 366 are fully within the Court's discretion).

13          In this case, the Debtor intends to provide adequate "assurance of payment" by providing

14  the Utility Companies with a cash deposit, as authorized by Section 366(c)(1)(A)(i) of the

15  Bankruptcy Code, in the amounts set forth hereinabove.  The proposed deposit amounts were

16  determined based on an average of several monthly statements available to the Debtor reflecting

17  expenses the Debtor incurred for the respective Utility Companies.

18          The source of funds to be used to pay the cash deposits to the Utility Companies will be

19  the Debtor's revenue.

### III.

### CONCLUSION

22          **WHEREFORE**, the Debtor respectfully requests that this Court hold a hearing on the

23  Motion and enter an order:

24          (a)      affirming the adequacy of the notice given;

25          (b)      authorizing the Debtor to provide adequate "assurance of payment" to the Utility

26  Companies via cash deposits in the amounts set forth therein;

27

28

1    (c)    deeming the cash deposits paid by the Debtor to the Utility Companies as

2 constituting adequate "assurance of payment" pursuant to Section 366(c) of the Bankruptcy

3 Code;

4    (d)    ordering the Utility Companies that receive cash deposits under an order of the

5 Court granting this Motion to return such cash deposit within 10 business days if, and when, the

6 Utility Company's services are terminated; and

7    (e) granting such other and further relief as the Court deems just and proper.

8 Dated: April 28, 2010                    CEDROS PROPERTIES, LLC

9                                          By:___ /s/ David B. Golubchik _____
10                                              DAVID B. GOLUBCHIK
                                                JOHN-PATRICK M. FRITZ
11                                              LEVENE, NEALE, BENDER, RANKIN
                                                  & BRILL L.L.P.
12                                              Proposed Attorneys for Chapter 11
                                                Debtor and Debtor in Possession
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### DECLARATION OF MOUSSA KASHANI

I, MOUSSA KASHANI, hereby declare as follows:

1.    I am over 18 years of age.  I am the Managing Member of San Marino Properties, LLC, the Debtor and Debtor in Possession herein (the "Debtor"), which commenced this case on April 27, 2010 (the "Petition Date").

2.    I have over 25 years of experience, knowledge, and work in the real estate business.  I currently oversee and manage over 650 residential units and two commercial properties, comprising over 24,000 square fee, in California, Nevada, and Texas.  With my knowledge and experience, I have successfully turned troubled real estate properties into profitable, income-producing properties.

3.    I make this declaration in support of the Debtor's first-day motion for use of cash collateral.  I have personal knowledge of the facts set forth below and, if called to testify, would and could competently testify thereto. Unless otherwise stated, all capitalized terms herein have the same meanings as in the First Day Motions.

A.    **Background**

4.    The Debtor's primary asset is a 22-unit apartment building (the "Property") located in Panorama City, California.   The Debtor acquired the Property in 2003 for approximately $1,325,000.00 with a promissory note in favor of an entity known as Impact.  In 2007, the promissory note and relevant documents were assigned to Zion Bank.  In 2010, Zion Bank sold and assigned the promissory note on the Property to Asset Management West 14, LLC ("AMW").   The total secured debt on the Property owed to AMW is approximately $1,550,000.00.  There is a secured mechanic's lien in favor of Pezeshk Electric ("Pezeshk") on the Property in the amount $7,788.00.   The Debtor believes that the Property's value is $1,900,000.00. Currently, the Property has a certificate of occupancy for eighteen (18) units, and

1   the Debtor is in the process of acquiring a certificate for the full 22 units from municipal

2   agencies with a hearing pending.

3        5.     For several months the Debtor has been back and forth with the Los Angeles

4   Housing Department and other municipal agencies ("Bureaucracies") regarding regulatory

5   compliance in pursuit of obtaining a certificate of occupancy for the full 22 units in the Property.

6   Government cutbacks and a pattern of disjointed, bureaucratic, piecemeal citations have stymied

7   the Debtor's efforts and progress in obtaining the certificate. Typically, Bureaucracies cite the

8   Debtor for a code violation, the Debtor fixes it, then Bureaucracies inspect the Property and cite

9   a new violation. Each time a violation is cited, the Debtor has addressed it and brought the

10  Property into compliance, and each time Bureaucracies cite another violation that they did not

11  cite before. This pattern of disjointed citation has delayed the Debtor for months in acquiring the

12  certificate. The delay has been exasperated further by the municipal budget cutbacks, resulting

13  in less employees to process claims and longer waits on hearings and appeals, like those

14  currently pending for the Debtor.

15       6.     The ultimate effect of this delay has been a reduction of the Debtor's earning

16  income relative to full occupancy of the Property and generating rental income. Without the

17  certificate of occupancy, the Debtor can rent only eighteen (18) of its 22 units. Currently, the

18  Debtor is renting approximately sixteen (16) units, for an occupancy rate of 73%. With lowered

19  occupancy rates, the Debtor is unable to make its monthly loan payments to Zion Bank at

20  approximately $10,000.00 per month, inclusive of principal, interest, and impounded taxes. The

21  Debtor sought a modification of the loan with Zion Bank until it could obtain the certificate of

22  occupancy for the remaining four (4) units, but Zion Bank would not negotiate.

23

24       7.     In January 2010, Zion Bank filed a notice of default on the Property. A

25  foreclosure sale would be scheduled for May 2010. On April 27, 2010, AMW, as the purported

26  assignee of the Zion Bank note, gave notice to the Debtor's proposed bankruptcy counsel and to

27  me that AMW would make an *ex parte* motion for appointment of a state court receiver at 8:30

28  a.m. on April 28, 2010. I believe that AMW was not interested in a resolution but only

foreclosure of the Property.  I determined that the instant filing by the Debtor was necessary and proper to preserve the value of the Property.

**B.      Utilities**

6.      To operate its business of owning and operating an apartment building, the Debtor receives water, gas, electricity and trash disposal from a number of utility companies (each a "Utility Company," and collectively, the "Utility Companies").  Given the importance of the services provided by the Utility Companies to the Debtor's business, it is crucial that the means of providing adequate assurance to the Utility Companies which provide utility services to the Debtor be determined immediately so that there is no interruption in the services provided.

7.      Prior to the commencement of the Debtor's bankruptcy case, the Utility Companies listed below provided utility services to the Debtor.  The Debtor intends to provide adequate "assurance of payment" by providing each of the Utility Companies with a cash deposit, as authorized by Section 366(c)(1)(A)(i) of the Bankruptcy Code, in the amounts set forth below, which equals an average of several months bills received by the Debtor.  The source of funds to be used to pay the cash deposits to the Utility Companies will be the Debtor's revenue, which is subject to an accompanying motion for use of cash collateral.

| Utility C  o. | Service | Average bill amount = Proposed Deposit | Bills attached as Exhibit |
|---|---|---|---|
| Crown Disposal Co. | Trash pickup | $151.51 | A |
| The Gas Company | Gas | $440.01 | B |
| LA DWP | Water/Electric | $1,130.07 | C |

1        I declare under penalty of perjury under the laws of the United States of America that the

2    foregoing is true and correct to the best of my knowledge.

3        Executed on this 29th day of April 2010, at Beverly Hills, California.

4                                        *S/ Moussa Kashani*

5                                        MOUSSA KASHANI

# EXHIBIT A

**Crown Disposal Co., Inc.**

P.O. BOX 1081
SUN VALLEY, CA 91352
TELEPHONE: (818) 767-0675

| | |
|---|---|
| INVOICE# | 9CJ04354 |
| INV DATE | 12/19/09 |
| ACCOUNT# | 476264 |
| DUE DATE | 01/23/10 |

CEDROS PROPERTIES
P O BOX 3770
BEVERLY HILLS, CA 90212

**AMOUNT YOU ARE PAYING** _____

PLEASE RETURN TOP PORTION WITH REMITTANCE

**SERVICE ADDRESS:** 8505 CEDROS (PANORAMA CITY, CA)

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| | PRIOR BALANCE | 379.95 |
| | NOTICE..YOU CAN NOW PAY YOUR BILL ONLINE WITH ANY CREDIT CARD. SIMPLY LOG ON TO OUR WEB PAGE WWW.CROWNDISPOSAL.COM & SELECT PAY ON LINE. YOUR PASSWORD WILL BE THE LAST 4 DIGITS OF THE PHONE NUMBER WE HAVE ON FILE. CALL 818-504-1438 IF YOU HAVE ANY QUESTIONS. | |
| 12/19/09 | CONTAINER SERV        12/01/09-12/31/09 | 156.24 |
| 12/19/09 | RECOVERY FEE          12/19/09 | 2.96 |
| | FUEL / ENVIRONMENTAL | |
| 12/19/09 | FINANCE CHARGE | 3.03 |

Please include account number on check

FOR SERVICE INQUIRIES CALL:     (818) 767-0675
FOR BILLING INQUIRIES CALL:      (818) 504-1438

| | | RECYCLING FEE | 15.92 |
|---|---|---|---|

**Crown Disposal Co., Inc.**

| INV# 9CJ04354 ACCT# 476264 | CURRENT | 30 DAY | 60 DAY | 90 DAY | DATE 12/19/09 PAGE 1 OF 1 |
|---|---|---|---|---|---|
| | 178.15 | 178.15 | 180.89 | 20.91 | |

8505 CEDROS (PANORAMA CITY, CA)

1.5% per month late charge assessed on past due amounts

**PLEASE PAY THIS AMOUNT**     **558.10**

**Crown Disposal Co., Inc.**

P.O. BOX 1081
SUN VALLEY, CA 91352
TELEPHONE: (818) 767-0675

| | |
|---|---|
| INVOICE# | 03N04016 |
| INV DATE | 03/23/10 |
| ACCOUNT# | 476264 |
| DUE DATE | 04/23/10 |

CEDROS PROPERTIES
P O BOX 3770
BEVERLY HILLS, CA 90212

AMOUNT YOU
ARE PAYING _____

PLEASE RETURN TOP PORTION WITH REMITTANCE

SERVICE ADDRESS: 8505 CEDROS (PANORAMA CITY, CA)

| DATE | DESCRIPTION | | AMOUNT |
|---|---|---|---|
| | PRIOR BALANCE | | 852.79 |
| 03/23/10 | CONTAINER SERV | 03/01/10-03/31/10 | 100.00 |
| 03/23/10 | RECOVERY FEE | 03/23/10 | 1.89 |
| | FUEL / ENVIRONMENTAL | | |
| 03/23/10 | FINANCE CHARGE | | 12.79 |

Please include account number on check

FOR SERVICE INQUIRIES CALL:     (818) 767-0675
FOR BILLING INQUIRIES CALL:     (818) 504-1438

| | | | | | RECYCLING FEE | 10.19 |

**Crown Disposal Co., Inc.**

| | CURRENT | 30 DAY | 60 DAY | 90 DAY | |
|---|---|---|---|---|---|
| INV# 03N04016 | 124.87 | 123.03 | 183.49 | 546.27 | DATE 03/23/10 |
| ACCT# 476264 | | | | | PAGE 1 OF 1 |

8505 CEDROS (PANORAMA CITY, CA)

1.5% per month late charge assessed on past due amounts

PLEASE PAY
THIS AMOUNT     977.66

**EXHIBIT B**

**Your Account Number**

**172 711 6527 0**

MR. MOUSSA M KASHANI
8505 CEDROS AVE
CENTRAL WATER HEATER
PANORAMA CITY CA 91402-2938

Main Document numbers
and info on back of bill

24-Hour Service and Info:

(800) 427-2200 (English)
(800) 342-4545 (Español)

The
Gas
Company   A Sempra Energy utility®

P.O. Box C
Monterey Park, CA 91756
www.socalgas.com



| Date Mailed   Apr 06, 2010 | | | | |
|---|---|---|---|---|
| Rate<br>GM-E<br>6 | Climate Zone<br>1 | Cycle<br>21 | The Gas Company's Gas Commodity Charges per therm<br>$0.44552/Therm | |

| Billing Period | Meter | Readings | | Difference | Billing | |
|---|---|---|---|---|---|---|
| From     To | Number | Prev | Pres | =CCF       × | Factor = | Therms |
| 03/04/10 04/02/10 | 03018173 | 7612 | 8024 | 412   × | 1.026 = | 423 |

Central Fac. Living Units: 18

Next Meter Reading Date on or about: May 03  2010

## Summary of Charges

**Amount**

| | | | | |
|---|---|---|---|---|
| Customer Charge | 29 | Days | × 0.16438= $ | 4.77 |
| Baseline | 203 | Therms | × 0.73616= | 149.44 |
| Over Baseline | 220 | Therms | × 0.97618= | 214.76 |
| **Gas Charges** | | | | **368.97** |
| State Regulatory Fee | 423 | Therms | × 0.00068= | 0.29 |
| Public Purpose Surcharge | 423 | Therms | × 0.07269= | 30.75 |
| LOS ANGELES City Users Tax | | | 10% | 40.00 |
| **Taxes & Fees on Gas Charges** | | | | **71.04** |

| Total Gas Charges Including Taxes and Fees | 440.01 |
|---|---|

| Last Payment: Apr  01   2010 | 489.98 | Total Current Gas Charges | 440.01 |
|---|---|---|---|
| | | **Total Amount Due** | **440.01** |

Current Amount Past Due if not paid by Apr 26, 2010

Need help paying your SoCalGas bill? You may qualify for available assistance. Visit
socalgas.com/extrahelp/.

Sometimes, even friendly dogs will attack our meter readers. For safety, please confine
your dog well away from your gas meter on meter-reading days. Your next meter-reading day
is shown above. For more information, visit socalgas.com/safety/dogs.html.

| Energy Comparison | This Year<br>Days | Therms | Daily<br>Average | Last Year<br>Days | Therms | Daily<br>Average |
|---|---|---|---|---|---|---|
| Mar | 29 | 423 | 14.59 | 29 | 455 | 15.69 |
| Feb | 30 | 424 | 14.13 | 33 | 510 | 15.45 |
| Jan | 34 | 536 | 15.76 | 33 | 552 | 16.73 |

Date Mailed
Apr 06, 2010

Please bring entire bill if payment is made in person or return stub with your payment by mail

21 4135 1540
S

Total Amount Due
**$440.01**
Please Pay
By 04/26/10

Save paper & postage: Pay online at www.socalgas.com

Make Payment To:

The Gas Company
P O Box C
Mont Pk Ca 91756

5952.1.9.2344   1 oz.
MR. MOUSSA M KASHANI

PO BOX 3770
BEVERLY HILLS CA 90212-0770

Your Account Number
**172 711 6527 0**

80 1727116527 00044001 06      1727116527 0004400106

**EXHIBIT C**

## City of Los Angeles Municipal Services
P.O. Box 30808, Los Angeles CA 90030-0808 Web site at http://www.ladwp.com

```
                            CAN 1114871813
MOUSSA KASHANI          CEDROS PROPERTIES LLC               PAGE 3
8505 CEDROS AV          ACCT# 3-04-17483-08505-00-0000-1-01
```

```
   Bill Issued      03/10/10   Due Date  04/01/10

SEWER SERVICE CHARGE  (SSC)      1(800)540-0952
   SEWER SERVICE        274 HCF of Sewage X $  3.27000    $      895.98

   LOW INCOME SEWER SURCHARGE                                     7.52

CITY UTILITY TAX                 1(800)215-6277
                        $      564.03 X   12.5%                   70.50
MULTI-FAM BULKY ITEM FEE         1(800)773-2489
                                                     $           29.04
STATE ENERGY SURCHARGE           1(800)342-5397
                        4,571 KWH X $  0.00022                    1.01

  L.A. MUNICIPAL SERVICES SUBTOTAL  $      1,004.05

   *KWH(KILOWATT HOUR) IS 1,000 WATT HOURS   **1 HCF = 748 GALLONS
   ***DRY WINTER COMPENSATION FACTOR, DEFINITION ON REVERSE SIDE
        - Additional Telephone Numbers On Reverse Side -
```

```
                   TOTAL AMOUNT DUE      $    11,755.65

           MESSAGE FROM THE DEPARTMENT OF WATER AND POWER

                   WHEN PAYING BY CHECK, YOU
                   AUTHORIZE LADWP TO PROCESS
                   YOUR CHECK ELECTRONICALLY
```

```
     MAIL PAYMENT STUB ON LAST PAGE OR BRING ENTIRE BILL TO OFFICE.
          CHECKS OR MONEY ORDERS TO BE PAYABLE TO LA DWP.
     *LADWP OFFERS YOU CHOICE!
     *CHOOSE PAPERLESS BILLING AT
     *WWW.LADWP.COM/PAPERLESS.

       PLEASE PAY THIS AMOUNT BY 04/01/10     $     11,755.65
```

```
                   MOUSSA KASHANI
                   CEDROS PROPERTIES LLC
                   PO BOX 3770
                   BEVERLY HILLS  CA 90212-0770
```

H

3041746306505000000101000011755650

## Los Angeles Department of Water and Power
P.O. Box 30808, Los Angeles CA 90030-0808 Web site at http://www.ladwp.com

CAN 1114871813

MOUSSA KASHANI      CEDROS PROPERTIES LLC           PAGE 2
8505 CEDROS AV                        ACCT# 3-04-17483-08505-00-0000-1-01

Bill Issued      03/10/10     Due Date  04/01/10

ITEMIZED ADJUSTMENTS-      1(800)342-5397
    Electric Late Payment Charge                 49.01
    Water Late Payment Charge                  98.07
      Adjustments Subtotal     $     147.08

*KWH(KILOWATT HOUR) IS 1,000 WATT HOURS   ** 1 HCF = 748 GALLONS

MAIL PAYMENT STUB ON LAST PAGE OR BRING ENTIRE BILL TO OFFICE.
CHECKS OR MONEY ORDERS TO BE PAYABLE TO LA DWP.

-SEE NEXT PAGE-

MOUSSA KASHANI
CEDROS PROPERTIES LLC
PO BOX 3770
BEVERLY HILLS  CA 90212-0770



Ildidlimidholdididlaidniddillidoidlimidd

H                304174830850500000010100011755650

## Los Angeles Department of Water and Power
P.O. Box 30808, Los Angeles CA 90030-0808 Web site at http://www.ladwp.com

```
                                    CAN 1114871813
MOUSSA KASHANI          CEDROS PROPERTIES LLC                       PAGE 1
8505 CEDROS AV                        ACCT# 3-04-17483-08505-00-0000-1-01

    Bill Issued     03/10/10   Due Date 04/01/10
    Payments Since  01/09/10  $      1,504.66-
    Past Due Balance As Of 03/10/10                      $       8,914.47

DWP SERVICES-        1(800)342-5397
    METER 02 RATE A1A              SERVICE DATES
    Serves  HSE LTS               01/07/10 To 03/08/10

    Service Charge             2 MONTHS X $  6.50/MO     $       13.00
    Facilities Charge          9.8  KW X $  5.00000/MO          98.00
    Energy Used              4,571 KWH X $  0.04268            195.09
    Energy Cost Adjustment   4,571 KWH X $  0.05090            232.66
    Subsidy Adjustment         9.8  KW X $  1.29000/MO          25.28
              Meter 02-Electric Total $     564.03

    METER 01 RATE B               SERVICE DATES
                                  01/07/10 To 03/08/10

    1-1/2 INCH Service

    First Tier Water Used        304 HCF X $  3.70400   -$    1,126.02
       Total Water Used          304 HCF
            Meter 01-Water Total   $     1,126.02
    Your First Tier Water Allotment is              895 HCF

DWP SUBTOTAL $      1,690.05


    METERING INFORMATION       02-ELECTRIC       01-WATER
    Meter Number               9-211356          49512189
    Current Read                 17857             43442
    Previous Read                13286             43138
    Constant                         1                 1
    This Year-Use                 4571 KWH        304 HCF
           Days Billed              60               60
           Daily Average           76 KWH        3790 GAL
    Last Year-Use                 4811 KWH        405 HCF
           Days Billed              61               61
           Daily Average           79 KWH        4966 GAL

    *KWH(KILOWATT HOUR) IS 1,000 WATT HOURS   ** 1 HCF = 748 GALLONS
```

**MAIL PAYMENT STUB ON LAST PAGE OR BRING ENTIRE BILL TO OFFICE.
CHECKS OR MONEY ORDERS TO BE PAYABLE TO LA DWP.**

-SEE NEXT PAGE-

MOUSSA KASHANI
CEDROS PROPERTIES LLC
PO BOX 3770
BEVERLY HILLS  CA 90212-0770

Illdalluumdaludaltlllaudalloallllaudalllaaddd



H                          30417483065050000001010001l755650

| | |
|---|---|
| CEDROS PROPERTIES, LLC,<br><br>Debtor(s). | CHAPTER   11<br>CASE NUMBER  2:10-bk-14897-ER |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, California 90067

The foregoing document described as **DEBTOR'S EMERGENCY MOTION FOR ENTRY OF AN ORDER AUTHORIZING DEBTOR TO PROVIDE ADEQUATE ASSURANCE OF FUTURE PAYMENT TO UTILITY COMPANIES PURSUANT TO SECTION 366(c) OF THE BANKRUPTCY CODE; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF MOUSSA KASHANI IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**</u> – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **April 29, 2010,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

    * Julian K Bach     Julian@Jbachlaw.com
    * David B Golubchik     dbg@lnbrb.com
    * United States Trustee (SV)     ustpregion16.wh.ecf@usdoj.gov

☐   Service information continued on attached page

II.  <u>**SERVED BY U.S. MAIL OR OVERNIGHT MAIL**</u>(indicate method for each person or entity served)**:**
On **April 29, 2010**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.*
<u>**VIA OVERNIGHT DELIVERY**</u>
**U.S. TRUSTEE – LOS ANGELES**
**ALL CREDITORS**
**(SEE ATTACHED SERVICE LIST)**

☐   Service information continued on attached page

III.  <u>**SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL**</u> (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **April 29, 2010**, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.*
<u>**VIA ATTORNEY MESSENGER DELIVERY**</u>
Hon. Ernest Robles
United States Bankruptcy Court
255 E. Temple Street, Ctrm 1568
Los Angeles, California 90012     ☐     Service information continued on attached page
I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 29, 2010 | Angela Antonio | /s/ Angela Antonio |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

1

In re Cedros Properties, LLC                    **SERVED VIA OVERNIGHT DELIVERY**
Case No. 1:10-bk-14897-MT
MML

| | | |
|---|---|---|
| <u>Debtor</u> | <u>Debtor's Counsel</u> | U.S. Trustee |
| Cedros Properties, LLC | David B. Golubchik | Ernst & Young Plaza |
| c/o Moussa Kashani | Levene, Neale, Bender, Rankin & Brill LLP | 725 S. Figueroa Street, 26th Floor |
| 445 S. Beverly Drive, Suite 300 | 10250 Constellation Blvd., Suite 1700 | Los Angeles, CA 90017 |
| PO Box 3770 | Los Angeles, CA 90067 | |
| Beverly Hills, CA 90212-0770 | | |
| | | |
| Asset Management West 14, LLC | Bon Pest Control | Capital Insurance Group |
| Attn: Ken Thayer | 12621 Venice Blvd. | PO Box 2093 |
| 18831 Von Karman Ave., Suite 380 | Los Angeles, CA 90066 | Monterey, CA 93942 |
| Irvine, CA 92612 | | |
| | | |
| Cardmember Services | City of LA - Housing Dept | City of LA - Office of Finance |
| PO Box 94014 | PO Box 30970 | PO Box 53200 |
| Palatine, IL 60094-4014 | Los Angeles, CA 90030-0970 | Los Angeles, CA 90053-0200 |
| | | |
| Crown Disposal Co. Inc. | Floor Design | Franchise Tax Board |
| PO Box 1081 | 840 S. Robertson Bl. | Special Procedures |
| Sun Valley, CA 91352 | Los Angeles, CA 90035 | POB 2952 |
| | | Sacramento, CA 95812 |
| | | |
| Internal Revenue Service | Julian Bach, Esq. | Los Angeles Dept of Water & Power |
| Insolvency I Stop 5022 | 17011 Beach Blvd #300 | PO Box 30808 |
| 300 N. Los Angeles St., #4062 | Huntington Beach, CA 92647 | Los Angeles, CA 90030-0808 |
| Los Angeles, CA 90012-9903 | | |
| | | |
| Moosa Haimof | Pezeshk Electric | Sandoval Carpet Cleaning |
| 15300 Ventura Blvd., Suite 218 | 268 N. Cresent Dr. #302 | 8503 Topias Ave # 18 |
| Sherman Oaks, CA 91403 | Beverly Hills, CA 90210 | Panorama City, CA 91402 |
| | | |
| Smooth Carpet | The Gas Company | |
| 1010 W. 48th Street | PO Box C | |
| Los Angeles, CA 90037 | Monterey Park, CA 91756 | |